IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v. CRIMINAL NO. 1:25-00115-01

DEVON BASIL BLANKENSHIP

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant's motion to suppress. See ECF No. 47. For the reasons expressed more fully below, that motion is **DENIED**.

I. Background

The five-count indictment in this case charges defendant with three counts of distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (Counts One, Two, and Three); one count of possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (Count Four); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 921(c)(1)(A), (Count Five).[1]

After conducting three controlled buys from Blankenship, Sgt. L.W. Price applied for and received a search warrant for Blankenship's residence. See ECF No. 47-1. The search warrant

[1] Count One charges both Blankenship and codefendant Landon Joseph Cartwright. Cartwright pled guilty without the benefit of a written plea agreement and was sentenced, on April 15, 2026, to a term of imprisonment of 18 months. See ECF No. 85.

form asks for a description of the premises to be searched and it is filled out as "See Attachment Premises to be Searched". See id. Attachment B says "In the Southern District of West Virginia, Mercer County, WV. Further described as being a wood sided, single story residence with a red in color roof. The residence having the address of XXX Airport Road, Bluefield, WV 24701 and containing the GPS of 37.30003, -81.18329." Id.

The search of Blankenship's residence yielded multiple firearms, controlled substances, drug paraphernalia, and U.S. currency. See ECF No. 51-1. Search of a Cadillac Escalade and Rolls Royce located on the property yielded a firearm, digital scales, and 443 grams of methamphetamine. See id.

Blankenship has moved to suppress the items recovered from the vehicles because, according to him, the warrant did not authorize a search of the vehicles as it mentions only the "residence." According to him, "although the affidavit sought permission to search 'any and all outbuildings located on the property as well as any and all vehicles located at the residence,' . . . the warrant unambiguously authorized only the search of the residence itself." ECF No. 47 at 2.

In its response to the motion to suppress, the government relies on United States v. Patterson, 278 F.3d 315, 318 (4th

Cir. 2002), wherein the Fourth Circuit held that "[w]here a warrant authorizes the search of an entire property or premises, the scope of the warrant includes automobiles on the property or premises that are owned by or are under the dominion and control of the premises owner or which reasonably appear to be so controlled." Defendant argues that this case is unlike Patterson because the warrant in that case authorized a search of "the property or premises" while this case specifically authorized a search of only "the residence". See ECF No. 56.

## II. Analysis

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. The Warrant Clause demands clarity in what is to be searched and seized; it also demands restraint in the scope of what is to be searched and seized in accordance with the bounds of the existing probable cause. See United States v. Manafort, 323 F. Supp. 3d 795, 801 (E.D. Va. 2018).

> The requirement that a search warrant describe with particularity the items to be seized ensures that a citizen is not subjected to "a general, exploratory rummaging in [his personal] belongings." Coolidge v.

> New Hampshire, 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Significantly, the particularity requirement applies to the warrant, as opposed to the application or the supporting affidavit submitted by the applicant. See Groh v. Ramirez, 540 U.S. 551, 557, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004); see also Owens ex rel. Owens v. Lott, 372 F.3d 267, 274 (4th Cir.2004). Thus, "[t]he fact that the *application* adequately described the 'things to be seized' does not save the *warrant* from its facial invalidity." Groh, 540 U.S. at 557, 124 S.Ct. 1284.

United States v. Hurwitz, 459 F.3d 463, 470 (4th Cir. 2006).

The Fourth Circuit has held that "[t]he particularity requirement of the Fourth Amendment may be satisfied by cross-reference in the warrant to separate documents that identify the property in sufficient detail." Id. "As a general rule, a supporting affidavit or document may be read together with (and considered part of) a warrant that otherwise lacks sufficient particularity 'if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant.'" Id. at 470-71 (quoting Groh, 540 U.S. at 557-58). Acknowledging that some circuits require both incorporating language in the warrant and the attachment of the supporting documents, the Fourth Circuit made clear that "it is sufficient *either* for the warrant to incorporate the supporting document by reference *or* for the supporting document to be attached to the warrant itself." Id. at 471.

Relying on United States v. Ray, 141 F.4th 129 (4th Cir. 2025), defendant argues that the court must suppress the evidence from the vehicles. In Ray, an active-duty Navy engineer was suspected of child sexual abuse. See id. at 131. Law enforcement applied for a Command Authorization for a Search and Seizure ("CASS"), "the military equivalent of a search warrant." Id. at 132. The agent's affidavit requesting the CASS asked for "authority to search [the] personal cellular device" and "a full extraction of the phone," but the CASS did not incorporate the agent's affidavit or include language authorizing the search of the cellphone. Id. at 132-33. The district court granted Ray's motion to suppress the evidence obtained from a search of the cell phone. See id. at 131. On appeal, the Fourth Circuit agreed, holding that while the warrant allowed for the seizure of the phone, it did not authorize a search of it. See id. at 137. According to the Ray court, "the good faith exception [to the exclusionary rule] does not apply" because, under the facts and circumstances of that case, "[t]he CASS was not deficient[, l]aw enforcement was." Id. at 136.

This case is easily distinguishable from Ray for the simple reason that the search warrant in this case incorporated Sgt.

Price's affidavit. As defendant himself acknowledges, Sgt. Price's affidavit "request[ed] a search warrant for the described property, to include any and all buildings located on the property as well as any and all vehicles located at the residence." ECF No. 47-1.[2] And the warrant cross-references the affidavit, sufficiently incorporating it for purposes of the particularity requirement. See Hurwitz, 459 F.3d at 471 ("[T]he search warrant cross-references the Attachment to Lucas's supporting affidavit. Although the words of incorporation used in the warrant are not overly precise, Hurwitz does not contend that they are insufficient to incorporate the Attachment for purposes of the particularity requirement."[3]

The Ray court emphasized that the CASS in that case did not incorporate the affidavit prepared by law enforcement. See Ray,

[2] Although its opposition brief was focused on its Patterson argument, the government did assert that the case was distinguishable from Ray. See ECF No. 51.

[3] Exhibit A to the government's brief in opposition to the motion to suppress also indicates that Sgt. Prices's affidavit was attached to the warrant when it was executed, see ECF No. 51-1, effectively incorporating the affidavit by attachment. That document appears to be the executed search warrant as it contains a list of the items seized. The government's failure to have Sgt. Price (or anyone else with knowledge of the matter) available to testify at the suppression hearings has unnecessarily complicated this court's efforts with regard to determining the incorporation issue. As to the first hearing, on February 10, 2026, counsel for the government did not appear

141 F.4th at 134 (noting that the government conceded "the CASS did not properly incorporate Agent Smith's affidavit."). And it did so repeatedly. See also id. at 141 ("The Government has conceded away any potential argument it may have had by way of the Leon good faith exception. The Government concedes that . . . the CASS **did not incorporate the affidavit** that requested that authorization [to search defendant's phone].").

Because Sgt. Price's affidavit was incorporated in the search warrant in this case, Ray does not help defendant.

However, even if the warrant for the search was somehow deficient, Leon's good-faith exception to the exclusionary rule would apply. "Evidence obtained in violation of the Fourth Amendment . . . is generally subject to suppression under the exclusionary rule." United States v. Perez, 393 F.3d 457, 460 (4th Cir. 2004). The exclusionary rule breathes life into the Fourth Amendment's guarantees by deterring "future Fourth Amendment violations," not by providing a personal right of exclusion to redress a Fourth Amendment injury. Davis v. United States, 564 U.S. 229, 236 (2011). Because deterrence is the "sole purpose" of the exclusionary rule, the Supreme Court has

---

and the hearing had to be continued. See ECF No. 75. At the rescheduled hearing, the government did not call Sgt. Price as a witness or have him available to testify.

limited its "operation to situations in which this purpose is 'thought most efficaciously served.'" Id. at 237 (quoting United States v. Calandra, 414 U.S. 338, 348 (1974)). "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." Herring v. United States, 555 U.S. 135, 144 (2009).

In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court established an exception to the exclusionary rule. This exception was to address cases where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." Id. at 920. The Court explained,

> In most such cases, there is no police illegality and thus nothing to deter. It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient.

Id. at 920-21. And deterring magistrates "is not the office of the exclusionary rule." Davis, 564 U.S. at 239.

"When officers have acted pursuant to a warrant, the prosecution should ordinarily be able to establish objective good faith without a substantial expenditure of judicial time." Leon, 468 U.S. at 924. "As a general rule, when a neutral magistrate has issued a warrant, the issuance 'suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.'" United States v. Skinner, No. 3:19CR19, 2021 WL 1725543, at *20 (quoting Leon, 468 U.S. at 922).

There are five circumstances, however, where the good faith exception does not apply:

> • First, where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth;
>
> • Second, where the magistrate acted as a rubber stamp for the officers and so wholly abandoned his detached and neutral judicial role;
>
> • Third, where a supporting affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;
>
> • Fourth, where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid; and
>
> • Fifth, where law enforcement recklessly maintain or knowingly enter false information into a warrant database to enable a future arrest.

See Ray, 141 F.4th at 134-35. In these five circumstances, reliance on the warrant is unreasonable. See id.

Unlike determining whether there was a substantial basis for the probable cause determination (whether the warrant was valid), in the good faith analysis, our Court of Appeals has "consistently rejected the notion that reviewing courts may not look outside the four corners of a deficient affidavit when determining, in light of all the circumstances, whether an officer's reliance on the issuing warrant was objectively reasonable." United States v. McKenzie-Gude, 671 F.3d 452, 459 (4th Cir. 2011). What is still forbidden, however, is an inquiry "into the subjective beliefs of law enforcement officers." Id. at 460 (emphasis in original). In other words, courts may consider actual "uncontroverted facts known to the officer," but may not engage in "fruitless inquiries into the minds of police officers to ascertain motive." See id. (citation and quotation marks omitted).

All that the government must show is that law enforcement's reliance on the warrant here was not entirely unreasonable. "This is a less demanding showing than the 'substantial basis' threshold required to prove the existence of probable cause in the first place." United States v. Bynum, 293 F.3d 192, 195

(4th Cir. 2002). Reliance here was not entirely unreasonable given the incorporation of Sgt. Price’s affidavit and, therefore, law enforcement acted in good faith in relying on the warrant.

There was no evidence that Sgt. Price was dishonest or reckless in his preparation of the affidavit to support probable cause. His supporting affidavit sets forth ample basis for the probable cause finding, and the places to be searched and items to be seized were limited to those places and things reasonably connected to defendant's suspected drug trafficking. Nor can the court conclude that the judicial officer signing the warrant wholly abandoned his neutral judicial role. For these reasons, even if a Fourth Amendment violation occurred in this case, Leon’s good faith exception would save the evidence from exclusion.

## III. Conclusion

Based on the foregoing, defendant’s motion suppress is **DENIED**. The court finds it unnecessary to reach the government’s argument based on Patterson.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to the Probation Office of this court.

IT IS SO ORDERED this 19th day of August, 2026.

ENTER:

David A. Faber
Senior United States District Judge